**Ruben Vilchis MEZA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72719.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ruben Vilchis Meza, Santa Ana, CA, pro se.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Madeline Henley, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Ruben Vilchis Meza, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial, as untimely, of his motion for reconsideration of the BIA's decision denying his application for cancellation of removal. We have jurisdiction pursuant to 8 C.F.R. § 1252, and we review the denial of a motion to reconsider for an abuse of discretion. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002).

A motion to reconsider a decision of the BIA must be filed within 30 days after the date of that decision, *see* 8 C.F.R. § 1003.2(b)(2). Petitioner's motion to reconsider was filed more than nine months after the BIA's final decision. Petitioner contends that the BIA erred in denying his motion to reconsider as untimely, because new evidence, consisting of several letters attesting that petitioner's children would suffer educationally if removed to Mexico, was not available earlier. All of the "new evidence" however is dated within 30 days after the BIA's underlying decision, and could have been timely presented within 30 days of that decision. Moreover, petitioner does not allege that he was prevented "from-filing [the motion to reconsider] because of deception, fraud, or error" *Iturri-barria v. INS*, 321 F.3d 889, 897 (9th Cir.2003), and therefore, he is not entitled to equitable tolling of the 30 day limitations period.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.